IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-00171-KDB-DCK

| | |
|---|---|
| ERIC MAURICE GALLMAN, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM P. BARR, <br><br> Defendant. | <br><br><br><br><u>ORDER</u> |

**THIS MATTER** is before the Court on a Motion to Dismiss, or in the Alternative, For More Definite Statement, (Doc. No. 9), filed on behalf of Defendant William P. Barr, Attorney General of the United States ("Federal Defendant"), by and through James M. Sullivan. With due regard for the applicable standards of review of motions to dismiss, the Court finds that it does not have subject matter jurisdiction to hear plaintiff's claims against Federal Defendant and that plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, as more fully discussed below, the Court will grant Federal Defendant's motion to dismiss. (Doc. No. 9).

### I. RELEVANT BACKGROUND & PROCEDURAL HISTORY

In May 2016, plaintiff Eric Maurice Gallman pled guilty to conspiracy to commit mail and wire fraud, mail fraud, and conspiracy to commit money laundering in the United States District Court for the District of Maryland. *United States v. Gallman*, Case No. 8:14-cr-292-PWG (Doc. No. 140). The court sentenced Gallman to 48 months of imprisonment with three years of supervised release and ordered him and his co-defendant to pay restitution in the amount of $16,512.492. *Id.* Defendant did not appeal his case to the Fourth Circuit.

1

On December 12, 2019, Gallman filed a complaint *pro se* against Federal Defendant in this Court. While it is not entirely clear all the legal claims Gallman is attempting to make in his Complaint, he does assert that the District Court of Maryland did not have subject matter jurisdiction over the suit that led to his conviction because it related to a trust. He claims that suits of this nature can only be adjudicated by a court of equity and he seeks to collaterally attack his conviction pursuant to Federal Rule of Civil Procedure 60(b)(4).

Federal Defendant did not have any role in prosecuting Gallman. (Doc. No. 9, at 10). Nonetheless, Gallman decided to sue Federal Defendant because he claims that "when the government is interested in the subject matter of [an equity] suit…it is essential that the Attorney General, who is the proper public officer of the government, should be made a party, either as plaintiff or defendant, to protect and assert the interest of the public." *Id*. at 7. He asserts that "a party with any sort of equitable, as opposed to legal, claim…may only seek relief by appealing to the Attorney General." *Id*. at 8 (internal citation omitted). Gallman also alleges that Federal Defendant "did not submit [his] case to the proper court, therefore, causing injury to me and the trust assets of which I was trustee." (Doc. No. 12, at 9). However, Gallman claims he is not suing Federal Defendant in his professional capacity as the Attorney General. Instead, Gallman states he is suing Federal Defendant in his "individual capacity for injunctive relief" because Federal Defendant "is continuing to try and enforce an unconstitutional act through a court which has no jurisdiction over trust assets or trustee." (Doc. No. 14-2, at 8-9). Gallman argues that Federal Defendant does not have immunity from this suit because civil servants lose their immunity when they act "contrary to any federal law or…the Constitution." *Id*. at 8.

2

Case 5:19-cv-00171-KDB-DCK   Document 16   Filed 07/17/20   Page 2 of 10

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal based on the court's "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). The United States Courts are courts of specifically limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed. *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Therefore, whether the Court has jurisdiction over the subject matter of a case must be considered before addressing its merits. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp.*, 550 U.S. at 570; *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of Appeals of Maryland,* 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding

3

the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

As a *pro se* litigant, Gallman's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Gallman could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, or construct Gallman's legal arguments for him, or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. DISCUSSION

Federal Defendant moves for dismissal on several grounds, including lack of personal jurisdiction due to insufficient service of process, lack of subject matter jurisdiction, that Gallman's claims are barred by the statute of limitations, and failure to state a claim upon which relief may be granted. In the alternative, Federal Defendant moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. No. 9, at 1). The Court will only address Federal Defendant's arguments in favor of dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Gallman's Complaint is 61 pages long, contains 221 numbered paragraphs, and includes another 100 pages of attached exhibits. (Doc. No. 1). Gallman devotes much of his Complaint to discussing his interpretation of American history, which he believes invalidates both the laws used to convict him and the District Court of Maryland's subject matter jurisdiction over the suit that

4

led to his conviction.[1] Although he denies being one, Gallman's Complaint resembles filings espoused by individuals who are commonly called "sovereign citizens." Adherents to the "sovereign citizen" theory "believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 Fed. App'x 105, 106 n.1 (2d Cir. 2013); *see also Presley v. Prodan*, No. 3:12-3511-CMC-JDA, 2013 WL 1342465, at *2 (Mar. 11, 2013) (collecting cases describing the "sovereign citizen" movement and its common features), *report and recomm'd adopted by* 2013 WL 1342539 (D.S.C. Apr. 2, 2013).

To construe Gallman's Complaint "so as to do justice" pursuant to Federal Rule of Civil Procedure 8(e), the Court will interpret the Complaint in light of the other documents that Gallman also submitted to the Court,[2] which clarify his allegations to some extent. While the precise nature of his legal claims is not entirely clear from the allegations in the Complaint, it appears that

---

[1] Gallman believes that Abraham Lincoln bankrupted the United States in 1861, leading to creation of "THE UNITED STATES OF AMERICA CORPORATION." (Doc. No. 1, ¶ 19) (emphasis in original). Gallman's beliefs about the illegitimacy of the United States government have led him to the following conclusions:
- The American people have been under martial law since 1861. *Id*.
- The United States is privately owned by foreign investors. *Id*. at ¶ 22. Additionally, "ALL public offices are under UN jurisdiction and people holding those offices are not American citizens." *Id*. at ¶ 83.
- The U.S. Code is "only corporate bylaws for government employees of the District of Columbia given to them by its Board of Directors (Congress) just like in any other corporation." *Id*. at ¶ 25. Furthermore, the "U.S. Code is not law of Congress because Congress has not passed any laws since 1861." *Id*. at ¶ 28.
- When Gallman's mother signed his birth certificate, she inadvertently created "an entity, a dead vessel, corporation" that is known by the "all capital name" ERIC MAURICE GALLMAN. The creation of the "corporation" version of Gallman gave "equitable title of ERIC MAURICE GALMAN to the STATE and enslave[d] Eric-Maurice; Gallman." *Id*. at ¶ 59. Gallman's inclusion of a hyphen and semicolon in the spelling of his name appears to be intentional; he uses this combination of characters in each of the documents he submitted to the Court.

This is far from an exhaustive summary of Gallman's understanding of American history and the nature of the United States' judicial system as exhibited in his Complaint.

[2] Gallman has not submitted an Amended Complaint to the Court but has submitted two responses to Federal Defendant's motion to dismiss. (Doc. Nos. 12, 14).

5

Gallman is attempting to collaterally attack his conviction in case number 8:14-cr-292-PWG. He asks the Court "agree with [him] that UNITED STATES DISTRICT BUSINESS COURT OF MARYLAND lacked subject matter jurisdiction over LEA Group Holdings Express trust and personal jurisdiction over Trustee." (Doc. No. 1, at ¶ 221) (emphasis in original). He believes that the judgement rendered by what he calls the "admiralty court" in the District Court of Maryland[3] is "void ab initio" because of its lack of subject matter jurisdiction over the trust. (Doc. No. 12, at 6). And he states that pursuant to Federal Rule of Civil Procedure 60(b)(4), he should be relieved from the void judgment because it can be "attacked collaterally whenever and wherever it is interposed." (Doc. No. 14-2, at 4).

The Court need not inquire further into the merits of Gallman's attempt to collaterally attack his conviction in case number 8:14-cr-292-PWG because this Court lacks the subject matter jurisdiction to consider Gallman's Complaint. Gallman repeatedly asserts that the Court has subject matter jurisdiction over his claims because they relate to a trust and his status as a trustee. But Gallman's Complaint cannot simply state that "[e]quity is an inherent and original jurisdiction of the federal court" and that "[he is] bringing a claim to the equity court because that is where it is properly cognizable" to establish this Court's subject matter jurisdiction. (Doc. No. 14-2, at 3). Federal courts, like this Court, are "courts of limited jurisdiction and thus do not have authority to resolve a dispute unless that authority has specifically been given to them." *Peabody Holding Co., LLC. v. United Mine Workers of America, Intern. Union, Unincorporated Ass'n*, 815 F.3d 154, 159 (4th Cir. 2016). Gallman's attempt to establish this Court's subject matter jurisdiction over his case through equity is not sufficient to demonstrate that this Court has the authority to adjudicate

---

[3] The District Court of Maryland gave the judgment in case number 8:14-cr-292-PWG. It is unclear why Gallman insists that he was convicted in an admiralty court—the District Court of Maryland is a federal district court.

his claims. *See Tornello Fontaine Pierce El Bey v. Cooper*, No. 3:15-cv-00539-FDW-DSC, 2017 WL 3669538, at *8 (W.D.N.C. Aug. 24, 2007) (holding that invoking "equity" jurisdiction without reference to any actual law, state or federal, is not enough to create subject matter jurisdiction). This Court has no jurisdiction to review the Judgment of the United States District Court for the District of Maryland. Only the Fourth Circuit Court of Appeals has jurisdiction to exercise appellate review over that Judgment, and Gallman chose not to appeal his Judgment.

Furthermore, Federal Defendant rightly argues that this Court lacks subject matter jurisdiction over this suit to the extent Gallman seeks monetary damages against Federal Defendant for his role, if any, in Gallman's conviction. Despite Gallman's claims to the contrary, he is suing Federal Defendant in his official capacity as an officer of the United States. As explained earlier, Gallman repeatedly states that he is suing Federal Defendant in his individual rather than his official capacity because Federal Defendant is "not acting on behalf of the state" when he "attempt[s] to enforce an unconstitutional law." (Doc. No. 14-2, at 8). Gallman claims that Federal Defendant "is still trying, after 4 years, to seize trust assets and take title to trust assets through the admiralty court of the District of Maryland by stating [Gallman] has personal interest in the trust assets," even though Gallman vehemently believes that he "did not have personal ownership interest in the trust assets." *Id*. at 9. Thus, from Gallman's perspective, Federal Defendant is "continuing to try and enforce an unconstitutional act through a court which has no jurisdiction over trust assets or [him as a trustee]." *Id*.

Nonetheless, this Court finds that Gallman is suing Federal Defendant in his role as Attorney General of the United States for two reasons. First, Gallman is suing Federal Defendant solely because he holds the office of Attorney General. Gallman explains that he chose to sue Federal Defendant based on his understanding that "[a] party with any sort of equitable, as opposed

7

to legal claim, may only seek relief by appealing to the Attorney General." *Id*. at 8 (internal citation omitted). Gallman is calling upon what he believes is the Attorney General's "authority to grant relief" for claims like the ones he presents in his Complaint. *Id*. (internal citation omitted). In short, Gallman himself has essentially argued that he is suing Federal Defendant so that Federal Defendant can act in his official capacity to resolve Gallman's conviction in case number 8:14-cr-292-PWG.[4]

Gallman's method for service of process is this Court's second basis for concluding that he is suing Federal Defendant in his capacity as an officer of the United States. As Federal Defendant emphasizes, Gallman points to Federal Rule of Civil Procedure 4(i) to validate his service of process. (Doc. No. 15, at 4-5).[5] Rule 4(i) prescribes the rules for service of process upon "the United States, and its Agencies, Officers or Employees," a point that Gallman himself acknowledges in his Response, Supplemental Response, and Declaration. (Doc. Nos. 12, at 17; 14, at 17; 14-2, at 6). Despite claiming to sue Federal Defendant as an individual, Gallman has chosen his method for service of process based on the rules for suing the United States. And his decision to do so does not appear to be accidental—he states that his decision to send a copy of his Complaint to the Attorney General himself (rather than through a third party) reflects Rule 4(i)'s

---

[4] This Court is not commenting on Gallman's beliefs surrounding the nature of Federal Defendant's role as the Attorney General of the United States. It is only necessary for this Court to observe that Gallman has chosen to sue Federal Defendant to invoke his official capabilities as the Attorney General, not as an individual citizen.

[5] Federal Defendant argues that in addition to a lack of subject matter jurisdiction in this case, the Court also does not have personal jurisdiction because Gallman has not effected proper service of process. Pursuant to Rule 4(i)(1)(A)(ii), a party who is serving process on the United States must send a copy of the complaint to the United States attorney for the district where the action is brought via registered or certified mail. On January 15, 2019, Gallman used priority mail to serve R. Andrew Murray, the United States Attorney for the Western District of North Carolina. (Doc. No. 7). Since Gallman did not use certified or priority mail, and the record does not contain any documents to suggest that he has tried to serve Murray properly, this Court does not have personal jurisdiction over Federal Defendant.

8

rules for serving the United States. *Id*.⁶ In sum, both Gallman's words in the documents he submitted to the Court and his deliberate actions for service of process demonstrate that he is suing Federal Defendant as an officer of the United States.

As Federal Defendant correctly states, suits against officers of the United States in their official capacity can only be maintained if the United States consents to be sued. *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). And the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States. v. Sherwood*, 312 U.S. 584, 586 (1941) (internal citation omitted). The United States has not consented to this suit, so sovereign immunity has not been waived. (Doc. No. 15, at 5). Without consent from the United States to maintain this case, this Court does not have subject matter jurisdiction to hear these claims and thus must dismiss pursuant to Rule 12(b)(1).

Aside from Gallman failing to establish how this Court has subject matter jurisdiction, the Court turns to Federal Defendant's argument to dismiss the Complaint based on Rule 12(b)(6). Gallman's Complaint contains rambling assertions, unsupported by allegations of fact, and as a whole falls short of meeting its burden of pleading under Rule 8(a), which provides a basis for dismissal under Rule 12(b)(6). Gallman's failure to substantiate his claims with any concrete facts makes it challenging for the Court and Federal Defendant to understand all of Gallman's reasons for bringing suit. His references throughout the Complaint to the Constitution, various provisions of the United States Code, case citations to inapplicable case law, and other "maxims" are unavailing in establishing a basis for Federal Defendant to know how to defend against the purported causes of action. *See North Carolina v. McGuirt*, 114 Fed. App'x 555, 558 (4th Cir. 2004) ("When determining whether a district court abused its discretion in dismissing for failure

---

⁶ Rule 4(i)(1) states that to serve the United States, *a party* must follow its subsequent steps for service of process.

to comply with Rule 8(a), courts have looked to various factors, including the length and complexity of the complaint, whether the complaint was clear enough to enable the defendant to know how to defend himself, and whether the plaintiff was represented by counsel." (internal citations omitted)). Accordingly, dismissal of the Complaint under Rule 12(b)(6) is also appropriate.

## IV. ORDER

**IT IS THEREFORE ORDERED** that Federal Defendant's Motion to Dismiss, (Doc. No. 9), is **GRANTED**. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** and the clerk is directed to close this matter in accordance with this Order.

**SO ORDERED.**

Signed: July 17, 2020

Kenneth D. Bell
United States District Judge